in pages 17 to 19 of its opinion it acknowledged that there was evidence on both sides of the factual dispute that there was evidence that the school through a counselor and a teacher reported to a parent of didn't acknowledge admissible evidence your honor the court called the evidence no credible evidence and did and actually considered it and instead of dismissing it as hearsay dismissed it as not credible and made or forbidden credibility determination in doing so but we can affirm based on anything in any reason supported by the record and if it is I actually think it's probably double hearsay isn't that a reason to affirm no your honor it's not a reason to affirm first to begin with there's no challenge there's been no challenge to the evidentiary ruling itself and the court considered the evidence and considered the evidence to be not credible and so I think your honors are dealing with a an abusive discretion standard and I think the reason a harmless error I'm sorry you're gonna be a harmless error and that it would have been admissible inadmissible in any respect I don't think it was harmless here and I think the reason he made a credibility determination is because he understood that this evidence was going to come in one way or another as a party admission as the rapport of a person's medical condition that this was credible evidence given by a non-party with no interest at all in the outcome of the in fact the what happened in discounting Jacobs new searching at school that that's actually in keeping with the practice of the school in this case another of the critical incidents the critical load-bearing facts is this incident in November 2017 where the student warns the administration this other student is going to punch my teeth and he's going to physically attack me please do something about it the school takes a step but doesn't stop the beating from happening and what about you know I want to just want to step back what is the what is the standard here for the Rehabilitation Act and an ADA claims yeah it's a gross misjudgment now I wanted to ask about that nobody briefed or talked about AJT and AJT I would seem to apply in the school context it's a Supreme Court case and it said that our gross misjudgment standard is wrong and so it's deliberate indifference but none of the parties alerted us to that and so I wanted to give you a chance to respond to that yes your honor I think that makes it easier for us not harder and the evidence well does it apply I'm sorry your honor does it apply yes your honor it does apply the normal okay now we now we get into a serious line of Supreme Court cases and a circuit cases about when does the supervening decision govern well your honor I don't think that you know you didn't you didn't even you didn't raise you didn't night sight the case you don't get into anything along these lines you just give us a lot of work to do and then throw out all what we win your honor we apologize for any shortcoming in the briefing but we think that the gross misjudgment standard is going to be higher than a deliberate indifference standard and the facts in the case here established very clearly that the school understood that if they had evidence that a student had an intention to do self-harm to themselves or to others that they were to do something about it report to the fair guess what I'm it seems like the claims mix and match a little bit too much for my taste which is the Rehabilitation Act and the ADA are really about did they respond appropriately to the bullying and that's where the that's where deliberate indifference comes in but then the death that's where you start talking about the evidence about the the searching the news and all of that am I right about that because I'm having a hard time following your argument I think the load-bearing facts in both sets of claims is with regards to the new search is the new search itself your honor and not report just like it was the appropriate decision for counselor mom and teacher Ben Hines to make the report to this the one remaining alive student that judgment should have been taken before Jacob passed and yes that's a gross misjudgment and it's also a breach of the fiduciary theory goes with which facts that's what I'm trying to figure out because it seems like you're again even in that answer you're mixing and matching how is the suicide relevant to the education I still can't figure that out but I understand it's relevant to the wrongful death so I'm trying to figure out you got it yet you sort of have to figure out what the theories are and I'm looking for help here yes your honor I think that the the theory on the statutory side is that when they had evidence of his suicide preparations that the response that they should have was to inform the family what is the evidence in the record that the school had the technological ability to know about the search your honor I think the evidence of the record is that they didn't have the technology technological ability to know the search and that that's not how the school came to know about the news googling at the school your honor I think that that's not are you now talking about your honor that we are here with regards to the news the suicide preparations that were taking place at school we're relying on Kelly Johnson's testimony that's what we're relying Kelly Johnson's testimony addressed what the school had the technological capability to do no your horse not no no your honor that's not what but you were just talking about Johnson's testimony and her declaration indicate that the counselor of this and the teacher reached out to her because they believe that there was a suicide between two friends all that I mean it's it's it's evident it's evidence your honor it's evidence and well the reason the reason the reason that the school reported it to that family is because they had a duty to do that and they said that if they had evidence if they had some indication that somebody was taking a step to harm themselves or others that didn't talk about that mom didn't talk much about that that's correct your honor and the judge weighs the evidence the evidence that's on both sides on pages 17 and 19 of his opinion and at the end of that weighing says there's nothing to corroborate Kelly testimony that's what that's what the district court judge said and in our mind that it it's the summary judgment it's our is there ever if it's if it's hearsay and and she was very uncertain and wandered I mean inconsistent your honor there is a very minor inconsistency about it is your honor about how this how did the counselor come to learn about the noose googling what was the nature of the noose googling was it on a school computer was it on a personal device those things were unclear but your honor this is this is a mom a hearing from the school well I've read this stuff and I completely disagree with this last answer yeah yes move on yes your honor by the way I can't find we have two orders that are critical here right a summary judgment order and then an earlier an earlier order on the education things which is not in your addendum a clear violation of the rules of appellate procedure which maybe don't matter in the DC Circuit but they matter a lot to us your honor there's an absence in the appendix I apologize that was certainly mistaken I I believe that the the summary judgment decision is in the early 400s of the the the bullying evidentiary questions the extent to extent to which the school district responded to every bullying incident your honor well are the are the nature of our claims regarding the broader ignoring of the you know we we highlighted several incidents that we feel demonstrated pattern we didn't enumerate every single thing give us the district the district court response to that you know this is not not playing by the frap rules is not sanctionable except the sanction is your you get no credibility your brief an argument get no credibility also your questions presented don't begin to the arguments in the argument session which is another violation of frap yes enough said yeah and your honor I I would just urge that whatever shortcomings you find in the brief that you keep an open mind to the arguments that are being made and the the arguments that are being made is that here's this here's a school district here's a school that had a chance to intervene in the police report the event that immediately precedes his death is news googling that's what precedes the active is that true though because my understanding that the evidence is sort of undisputed that he had a run-in with his girlfriend or a disagreement with his girlfriend and that he also had a disagreement I believe with a stepfather which came in between the news googling and I'm specifically talking about the news googling that's mentioned in the police report and that news googling took place on a device at the at the home and so that was what judge Strauss is addressing is highly relevant to causation and foreseeability your honor the news googling that we're talking about is a few days before that and that the family had known about that that doesn't get in that for at least it certainly doesn't get into causation your honor if and under the Minnesota cases as I understand them it doesn't it doesn't satisfy the foreseeability requirements which are quite stringent in Minnesota your honor if they if they knew about the news googling and told the family about the news googling the family would have done something if the school told the family before Jacob death what they told I'm sorry if they told if the school they the school through counselor mom told Jacob's friend's mother after his death that they had been googling about your best Minnesota case for that proposition your honor it's it's simple causation and they're not they're not refuting it if they knew about it they're not refuting that they should have told about it their defense is evidentiary they're saying that if we that we didn't know about it or the evidence that they knew about it wasn't there thank you your honor I'll reserve the remainder of my time mr. Waltz burger good morning may it please the court my name is Michael Waltz burger and I represent the defendants in this matter it is always an honor to appear before this court I do want to first address the questions about AGT and the Osceola school district we believe plaintiff has waived any argument on the application of that case the US Supreme Court decided you're looking down I can't follow frankly I'm sorry yes the US Supreme Court decided AJT in June on June 12 of 2025 plaintiffs submitted their reply brief more than two full months later on August 13 of 2025 and never raised the we submitted our briefs before AGT was filed don't we have to follow the Supreme Court precedent though I mean the general rule the general rule is that when there's an intervening Supreme Court decision it applies to anything that's still on direct appeal that's the general I get it they didn't argue it but it would be very strange for us to write an opinion basically ignoring what the Supreme Court said six months ago in one of our cases that went up to the court yes I think that that is a fair point and I also think that AGT does not produce a different result and you can reach that conclusion based on the district courts findings in this case and statements and I'll give you a couple by way of example well findings is perhaps the wrong terminology but the yes but the statement of what the evidence was and what the evidence was not so let me give you an example your honor in regard to pure misconduct the district court stated the record is devoid of any evidence that the district tolerated let alone encourage bullying rather the evidence shows the district took pure incidents involving JLE seriously and took reasonable steps to prevent future occurrences the district court further stated the district responded to pure incidents in a timely and appropriate way that's what the evidence shows the undisputed evidence shows and we know from that then that there's no deliberate indifference because that would be our standard under AGT the court the US Supreme Court said you're to apply with the normal standards and we're looking at a damages case not an injunction case here and so in order to obtain damages you have to be able to show intentional discrimination to show intentional discrimination you have to show deliberate indifference and in order to show deliberate indifference you have to show a strong likelihood the US Supreme Court said that the challenged action would result in a violation of federally protected rights in your view how has been litigated the Rehabilitation Act and ADA claims has it been litigated as the suicide which is what I'm hearing this morning or has it been litigated as the bullying which is what I understand that the briefs to say and maybe there's a relationship between the two but I'm just trying to figure out what the issue is to be Frank it's been all over the board if you read the complaint in this case it is hard to figure out how we got to where we are now based on the theories in the complaint based on the arguments that were made in the initial motion to dismiss by plaintiff and where we're at now it is difficult to track the shifting arguments right now the most recent arguments we have are the ones that are just in the brief that it's the bullying is going to the ADA claims that there's some allegation that this bullying occurred because of disability although the record is devoid of any evidence that would establish that and along those same lines back to AGT I just want to read one more statement from the district court that JLE's teachers were notified of Jacobs accommodations or excuse me JLE's accommodations and reminded them when plaintiff expressed concern plaintiff does not cite and the court cannot find any evidence in the record that any teacher intended to deny JLE an accommodation that again shows there is no deliberate indifference in regard to not applying accommodations or implementing accommodations in the IEP and we can go through that this court can easily go through that analysis based on the district court statements and the undisputed evidence of record and I do want to just mention briefly that the federal district court the Honorable Judge Jody really went to an unusual step here of addressing the fact that plaintiff's brief was rife with inaccuracies and overstatements and contained inaccurate citations and exaggerated claims plaintiffs never addressed that instead what did they do they recite many of those same inaccurate claims and citations in their briefs to this court I'd like to now just briefly address the internet search for nooses as the court is well aware that is inadmissible hearsay multiple layers of hearsay moreover we're talking about the internet search and the affidavit for Miss Johnson about the Google search for nooses that her affidavit is based upon multiple layers of hearsay she had no personal knowledge of the students conducting that search JLE's best friend who allegedly conducted the search with him said it didn't happen he did not conduct the search with JLE he conducted one on his own he recalls that but he did not conduct one with JLE counsel suggests that's the statement of a party opponent and therefore is excluded from hearsay what's what's your response to that yeah that's frankly disingenuous the record is undisputed and crystal clear that mom is not a district employee or agent the record is clear that she is an employee of TSA an outside private counseling service that gets medical funding it's no district funding no overlap between them at all this is simply what's referred to in Minnesota as her backing and filling in the deposition sure makes it sound like she was straightening up and flying in the distance for the district again I I don't I'm not quite sure what you mean by that I mean I'm talking about if a jury listened to her and was and had to weigh her credibility well I'm relying on the statements that she made I have no basis for concluding that she's not credible in order to the court of another question along these lines that's that nobody talks about what discovery was pursued after ms. Johnson came forward with her recollections and regarding who the students were who might have been reported to and so forth yes we did first of all their side yes your honor it's an excellent question first of all plaintiffs had to get an extension to go ahead and even get that evidence and to take further depositions but further depositions were taken and they showed that again mom not a district employee said it didn't happen Kaylee's best friend SK said it did not happen and no district employee that isn't that isn't what I'm asking about I'm asking about who could who were who were the other students that it could have been and who was the person that could have been reported to well we don't we have no evidence that was reported to any district employee that we know no that's they say what Johnson says is evidence right again it's inadmissible that's that's the evidence I'm talking about yes but they don't say that we know that mom they say that Johnson says that mom tells her this mom is not a district employee there's no evidence that mom told any district employee there's no evidence that the district had any capacity said she said other students knew about it and reported it I'm from both of you this morning there was no attempt to run that down in discovery yeah I think we certainly I write yes or no no the problem is that this came at the after the end of the discovery period so like it might it might have come on the first day of trial I do feel like we worked as hard as we could to obtain that there was an extension of discovery when this came up right yes to allow I'm hearing is nobody bothered to do what seems to me that the obvious looking for you know that needle in a haystack would do there are a lot of students there are a lot of employees it could have been a janitor it you know who knows and nobody at least nobody did anything that's in the record to run that down we did verify your honor that the district does not have any capability to review searches of students so we know we didn't have the technology to that the same as students reporting to somebody and unknown student reports is the the inconsistent claim that Johnson makes unknown student reports to having seen the search be done we don't know who the student is SK the person allegedly did the search we follow up with him and he says it didn't happen trying to explain why this wasn't done I'm just trying to confirm it wasn't done I respectfully disagree we asked SK who's supposed to be the one who does the search and he said it never happened well then he later said it did no he said he conducted a search but he said he never did with JLE he himself contemplated suicide SK did but he never did with jail all this stuff sitting here that's that's contradicted by mother or that that that that SK he he flopped on flip-flopped on this on his recollection and etc and so there weren't that many students in the school go find out who it could have been there are thousands of students in the school there are thousands of students in the school and SK never flip-flopped in in his deposition he never flip-flopped in his deposition he was very clear I asked him at least three times at least three times he said he did not recall searching at the deposition I'm not talking about the deposition it's contradicted by either mom or miss Johnson somebody by miss Johnson's multiple layers of hearsay I don't think that that contradicts his first-hand knowledge follow-up but I think mother followed up with him years later and he yes we did do that didn't mother testify to that she provided an affidavit to that effect or testified to that effect I can't recall which but we just certainly can ignore that because it isn't friendly it's multiple layers of hearsay we have the first-hand state that's not multiple layers of yours hearsay she's making statements based upon what her son allegedly said to her and her son said something different in his deposition she's talking about what she did after the deposition ultimately confronted him and and he said well yeah we did do that or I did I did that unclear whether Jacob was involved or not we can talk about multiple layers of hearsay but I don't it doesn't it doesn't resolve it doesn't satisfy the unknown here now whether the unknown is sufficient to defeat summary judgment of course is the ultimate question yes and I think going back to the the standard in Minnesota of the court cases as you have noted are very stringent I didn't note any I asked him for a site and I give me the sites I should care about yes absolutely honor I will happily do that the I'm going to give you a couple because the the Supreme Court in Donaldson versus YMCA establishes this narrow exception of a special relationship and the court the Minnesota Supreme Court says a special relationship giving rise to a duty to protect is usually found only on the part of common carriers innkeepers possessors of land who hold it open to the public and persons who have custody of another person in which that person is deprived of normal opportunities for self-protection that's not the situation with the student what year was that the Donaldson case your honor the citation for it is five thirty nine northwest second seven eighty nine nineteen ninety five yes it was briefed your honor suppose though that this happened at school suppose that somebody walked in and saw that you know a student was tying a noose around the around a bathroom stall and about to commit suicide and the teacher rather than intervening or telling somebody about it walked right out of the bathroom and let the kid commit suicide when that kind of fall I know that's not this case but when that kind of fall under the Donaldson case that you're not in custody but they do have sort of a parents patriarch relationship with with with a student who is in session at the time yeah I believe if we had those facts we would have a different outcome here just based upon the common law do you rely I was on Sunday the suicide was on Sunday well nobody knew about it we had no basis for foreseeing it it was on it no no no no no no foresee the foreseeability if it exists if it's there would have come sooner correct we're saying we didn't have a duty because we could not foresee this based upon what we knew even the old mother couldn't foresee this and she had four more facts you said cases are you Jasperson yeah just person is the next case I would say even though it's an unpublished case the the quality of the factual analysis there really lays directly with this case here and in Jesperson you have this middle school student who gets failing grades in every class except for Phi Ed he goes to talk to the teacher the teacher is very harsh with him tells him you're going nowhere fast the student also claims he's being bullied although by individuals are not necessarily students of the school and claims that the principal takes no action and then the next day the very next day the student commits suicide in his home but in his note he says the reason why he's committing suicide is because he's going to work that said Jefferson I'm looking at the case entitled Jasperson is that the case you're talking about yes Jesperson your honor Jesperson vs. Milka Hennepin ISD number 11 how much real quickly how much how much work is being done by the fact that this happened at home the suicide itself happened at home versus at the school I mean it how significant is that to the duty analysis and the foreseeability that that's highly significant because in order to be able to have a duty we the courts recognized that we have to be able to address it to prevent it there's nothing this district could have done to prevent this conduct at issue here as tragic as it was yeah now you get better give me a Minnesota case for that there has to be an to prevent it on the day it occurs yes I will your honor let me just look here really quickly so I can see it so I have the exact citation for you here it is Donaldson and I'm gonna read the quote for you to reach the conclusion that a special relationship exists it must be assumed that the harm to be proceed prevented by the defendant is the one that the defendant is in a position to protect against and should be expect expected to protect against you cannot protect against a suicide that occurs in the home and that is Donaldson 539 northwest second 792 is the pinpoint site and that is in our brief your honor okay time's up thank you I appreciate the time before this court thank you for rebuttal yes your honor I just want to start with them mom the counselor when when mom is relaying this information to miss Johnson she's not relaying counselor information she's relaying the information from the school about the new school like she was unclear what difference does that make your honor if it's third-party hearsay is third that's different than party hearsay well your honor in sharing it she's acting as the school she's doing it for that you can say that it's ridiculous but it's absurd your honor she's there and I think the the school's expectation would be that she shares the if there is a self-harm issue there that she's sharing it with the students and so why why would the school bring her this information but to share it with the family and didn't bring her the information that's miss Johnson's testimony is that that counselor mom told her that the administration had learned that Skylar and Jacob had been researching nooses at school she didn't that the school did the school did yes your honor that's absolutely right you're here I'm sorry I'm being other students reported yes you're awarded this and and without any any indication of to whom they reported it or when and why well your honor I think that's a really extreme fact that coming from mom a disinterested student disinterested party herself that a school that a jury effect finder is going to believe miss Johnson rather than miss mom or miss Benheim and your honor is pointed out some of the evidence that's on our side that's not for miss Johnson that's from Skylar himself and to the extent that there's a shortcoming in the brief or the appendix your honor we I apologize take full responsibility for that but there was there was a misjudgment here there was a wrong that happened here and there there's evidence on both sides and in that circumstance a fact finder should decide this case thank you your honors